(R.D. 11167)

L. H. GRAVES *v.* UNITED STATES

Entry No. 575–B.

(Decided May 3, 1966)

*Stein and Shostak* (*Marjorie M. Shostak* and *S. Richard Shostak* of counsel) for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

WILSON, Senior Judge: This appeal for reappraisement concerns the value of one used, reassembled American Douglas C–47 airplane, bearing serial No. 26366 and United States registration No. N–75391. In determining the proper appraised value of the merchandise for tariff purposes the amount allowable for American component parts and fuselage used in reconstructing said machine must be determined. The airplane was exported on or about September 16, 1955, from Costa Rica, and entered at Brownsville, Tex., on September 26, 1955. Plaintiff is a customs broker who made entry for the account of Margaret Elizabeth Anson, an American citizen then residing in San Jose, Costa Rica.

The appraiser valued the reassembled airplane at $92,000. From this amount he deducted $39,487.42 for "Returned American Goods," leaving the dutiable value of the merchandise at $52,512.58. The basis for appraisement was cost of production, as defined in section 402(f) of the Tariff Act of 1930.

The importer contends that the correct basis for appraisement is export value, as defined in section 402(d) of said act, and that said

value is the entered value of $85,000. Plaintiff also claims that the American goods returned are valued at $39,087 for the various American component parts used to reassemble the aircraft, plus $38,861, which allegedly represents the value of the American fuselage used in said aircraft. The importer, accordingly, claims an aggregate of $77,948 as free of duty, as entered, leaving a balance of $7,052 as the net dutiable value.

Counsel stipulated that at the time of exportation there was no foreign value for this merchandise.

The record herein fails to disclose sufficient probative evidence to warrant a holding that a United States value was in existence at the time of exportation of the airplane or that there was a cost of production different from the cost of production found by the appraiser which is presumptively correct.

The value of American components, as noted in the appraisement, is $39,487.42, while the value is alleged to be $39,087 exclusive of fuselage. Plaintiff alleges that the difference between these values was included by the appraiser as the value of the fuselage. The testimony on this point is speculative. Viewed in its most favorable light the testimony of the plaintiff on values is not specific but is based on rather vague approximations. It surely does not meet the requirements of the statute, section 402(d) of the Tariff Act of 1930, which provided as follows:

SEC. 402. VALUE

*　　*　　*　　*　　*　　*　　*

(d) EXPORT VALUE.—The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

No one of the essential elements of export value, as set forth in the above statute, is satisfactorily established by plaintiff's evidence, nor does the proof show that the basis of the appraisement was incorrect.

There is a statutory presumption that the finding of value by the appraiser is correct, and the burden rests on the plaintiff to establish that the appraised value is erroneous. The person challenging the accuracy of the appraised value must not only, by competent evidence, show such appraisal to be incorrect but must go further and establish some other dutiable value which he asserts to be correct. This burden

does not shift unless and until the importer shows *prima facie* that such appraisement is erroneous and also establishes a different and correct value for the imported merchandise. See 28 U.S.C., section 2633, and the following cases: *I. Arditi* v. *United States*, 50 CCPA 49, C.A.D. 818, citing *Brooks Paper Company* v. *United States*, 40 CCPA 38, C.A.D. 495; *Kenneth Kittleson* v. *United States*, 40 CCPA 85, C.A.D. 502; *H. S. Dorf & Co., Inc., et al.* v. *United States*, 41 CCPA 183, C.A.D. 548. See also *Luckytex, Ltd.* v. *United States*, 56 Cust Ct. 575, Reap. Dec. 11119 (December 29, 1965).

In the case of *Kobe Import Co.* v. *United States*, 42 CCPA 194, C.A.D. 593, the court pointed out that it is not "incumbent upon the Government to prove that the appraised value is proper, until and unless the importer shows such appraisement to be erroneous and establishes a different value in place thereof."

In the case of *United States* v. *Malhame & Co.*, 19 CCPA 164, T.D. 45276, the court stated the applicable law as follows:

> The issue is not whether the value returned by the appraiser is the proper dutiable value of the merchandise, but whether there is (a) a foreign value or/and (b) an export value, and, if both, which is the higher, and the importer, having been the appealing party in the first instance, it was incumbent upon it "to meet every material issue involved in the case." * * *

See also *Harry Garbey* v. *United States*, 24 CCPA 48, T.D. 48332, and *Sears, Roebuck & Co. et al.* v. *United States*, 31 CCPA 36, C.A.D. 246.

As heretofore stated, plaintiff's evidence fails to make out a *prima facie* case on the basis of its claimed export value of $85,000. The court must, therefore, assume that the appraiser properly valued the imported merchandise on the basis of cost of production. The only issue is, therefore, whether or not the appraisement accurately represents the correct cost of production of the reassembled airplane. Plaintiff's testimony on this point is again inadequate to establish a value based on the cost of production different from that found by the appraiser.

William Steiner, the real party in interest, who purchased the imported plane in 1955 from Servicios, who reassembled it, stated that he paid $85,000 for the plane and "Somewhere around $6500.00," in addition thereto, for ferrying the plane from Costa Rica and delivering it at Long Beach, Calif. He testified that at the time of the purchase he paid a deposit of $25,000 and, when transfer of title was made, he paid an additional $60,000, plus the ferrying and other charges for the delivery of the airplane. However, under cross-examination Mr. Steiner admitted that he could find no records, letters, telegrams, or canceled checks relating to the purchase price although

he had looked for such documents. He admitted that it was "probably correct" that he paid the seller with two checks, one for $25,000 and the other for $67,000, or a total of $92,000. This witness further admitted that he had not seen, examined, or inspected the imported plane prior to purchasing it since the airplane was in Costa Rica and he was in the United States. He did see the plane once during the period when it was being reassembled but stated that he was not interested in the cost of reassembling the airplane since he was buying a completed plane.

Plaintiff's exhibit 1 is an affidavit made by Robert E. Anson, general manager of Servicios from 1952 to 1963. Mr. Anson stated that he was familiar with the transaction involving the reassembling and sale of the C–47 aircraft with which we are concerned. The affiant stated that the fuselage used in reconstructing the airplane in question was purchased from the United States Government in the Canal Zone and that his company paid *approximately* $3,000 to move it from Panama City to Costa Rica. He also stated that his company purchased American parts at a cost of *approximately* $39,087 made by manufacturers in the United States and exported to Costa Rica for use in repairing the imported plane.

Plaintiff also offered in evidence an affidavit of Edward L. Lynn. This witness asserted that the fair market value of a good used serviceable C–47 type fuselage complete airplane in 1955, without the wings, center section, tail group, engines, instruments, and radio, was approximately $40,000, and that a reassembled airplane was worth approximately $85,000.

The real meat of this controversy gets down to the amount to be deducted for the used fuselage. Defendant's exhibit B, a document designated "Bill of Sale," indicates that Servicios paid only $400 to one Paul J. Coleman in the Canal Zone for certain personal property described as "Scrap C–47 Airplane Fuselage. Approx. Wt. 1800 Lbs. Alum." There seems to be no controversy but that this was the fuselage used in reassembling the plane, nor is there any question but that the appraisement includes this $400 in the deduction made for American goods returned. Plaintiff claims to have paid around $900 for this material in the Canal Zone and approximately $3,000 for transporting it to Costa Rica. One witness also states that the fuselage was worth over $38,000 to one who was ready to purchase it for use in rebuilding an airplane.

In the opinion of the court, the plaintiff has not satisfactorily established a definite value of $85,000 for the airplane and certainly has not carried the burden of establishing with competent evidence the claimed value of over $38,000 for the used fuselage which the court finds had been purchased for only $400.

While, of course, the proper value for the American goods used in reassembling the plane is deductible from the appraised value (see par. 1615, Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, T.D. 49646, and the Customs Simplification Act of 1954, T.D. 53599) yet the plaintiff has failed to show his right to any deduction other than that allowed by the appraiser, i.e., the sum of $39,487.42, leaving a proper and correct appraised value for dutiable purposes of $52,512.58.

On the record herein, the court finds the following facts:

1. That the imported merchandise consists of one C-47 Douglas aircraft which was reconstructed in Costa Rica with an American-made fuselage and other American components, as well as with foreign-made components. The aircraft bears serial No. 26366 and United States registry No. N-75391.

2. That the said aircraft was exported from Costa Rica on or about September 16, 1955, and was entered for consumption at the port of Brownsville, Tex., on September 26, 1955.

3. That the said aircraft was appraised on the basis of cost of production, as defined in section 402(f) of the Tariff Act of 1930, at $92,000.

4. That the appraiser's return states the value of the American components at $39,487.42, free of duty, under paragraph 1615 of the Tariff Act of 1930, which, prior to the date of exportation, was amended by the Customs Simplification Act of 1954.

5. Such or similar aircraft was not freely offered for sale in the principal markets of Costa Rica in the ordinary course of trade either for home consumption or for exportation to the United States in accordance with the provisions of section 402 (c) or (d) of the Tariff Act of 1930, or freely offered for sale in the United States in accordance with section 402(e) of said act.

The court, therefore, concludes:

1. The record is not sufficient to warrant a holding that the statutory export value of the imported aircraft is $85,000, as claimed by plaintiff.

2. The record is not sufficient to warrant a holding that the actual value of the American fuselage is $38,861 or that the value of the other American components is $39,087, as claimed by plaintiff.

3. The statutory presumption of correctness attaching to the appraiser's return of values for the imported aircraft and for the American components has not been overcome.

4. The proper basis for appraisement for the imported aircraft is cost of production, as defined in section 402(f) of the Tariff Act of 1930. Such statutory value is as found by the appraiser at $92,000.

The value found by the appraiser, as free of duty under said paragraph 1615, is $39,487.42.

Judgment will be entered accordingly.